O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JOSE DELGADO,                      ) Case No. CV 15-07320 DDP (FFMx)
                                   )
              Plaintiff,           ) **ORDER TO SHOW CAUSE RE: FEDERAL**
                                   ) **QUESTION JURISDICTION**
      v.                           )
                                   )
IRISH CONSTRUCTION, a              )
California corporation,            )
                                   )
              Defendant.           )
_____   )

    The parties are ordered to show cause why this action should
not be dismissed for lack of subject matter jurisdiction.

    District courts have federal question jurisdiction over all
civil suits "arising under the Constitution, laws, or treaties of
the United States."  28 U.S.C. § 1331.  This case involves a
complaint alleging only state law causes of action.  However, the
notice of removal alleges that the complaint is preempted by
section 301 of the Labor Management Relations Act ("LMRA"), 29
U.S.C. § 185(a), and thus there is federal question jurisdiction
under that statute.

///

1    The Ninth Circuit has explained the preemption analysis for
2    section 301 requires "first, an inquiry into whether the asserted
3    cause of action involves a right conferred upon an employee by
4    virtue of state law, not by a CBA [collective bargaining
5    agreement]." <u>Burnside v. Kiewit Pac. Corp.</u>, 491 F.3d 1053, 1059
6    (9th Cir. 2007). "If the right exists solely as a result of the
7    CBA, then the claim is preempted," but "[i]f, however, the right
8    exists independently of the CBA, [the court] must still consider
9    whether it is nevertheless substantially dependent on analysis of a
10   collective bargaining agreement." <u>Id.</u> (internal quotation
11   omitted). "If such dependence exists, then the claim is preempted
12   by section 301; if not, then the claim can proceed under state
13   law." <u>Id.</u> at 1059-60.

14      For the latter part of the preemption analysis, <u>Burnside</u>
15   provides guidance from the Supreme Court: "to determine whether a
16   state law right is 'substantially dependent' on the terms of a CBA,
17   . . ., the Court directs us to decide whether the claim can be
18   resolved by 'look[ing] to' versus interpreting the CBA." <u>Id.</u> at
19   1060 (internal citations omitted). This "look to/interpret" test
20   is admittedly not an entirely clear one, but it is the analysis a
21   court must use to determine whether section 301 preemption applies.
22   <u>See also</u> <u>Gregory v. SCIE, LLC</u>, 317 F.3d 1050 (9th Cir. 2003)
23   (finding section 301 preemption did not apply in case where
24   employee claimed state law overtime violations but employer invoked
25   section 514 of the California Labor Code and a collective
26   bargaining agreement; the court explained that applying section 514
27   and the plain terms of the collective bargaining agreement did not
28   amount to *interpreting* the agreement).

1    "If the court determines at any time that it lacks subject-
2  matter jurisdiction, the court must dismiss the action." Fed. R.
3  Civ. P. 12(h)(3).  Similar to the case in <u>Gregory</u>, the Court finds
4  that the Notice of Removal in this case does not sufficiently state
5  how the Court would be interpreting rather than simply applying (or
6  "looking to") the collective bargaining agreement.

7    Thus, the Court orders both parties to file a brief, not to
8  exceed ten pages, within two weeks of the date of this Order,
9  showing why this action should not be dismissed for lack of subject
10 matter jurisdiction.  The parties shall also deliver two courtesy
11 copies to chambers, Room 244-J, Second Floor, 312 N. Spring Street,
12 Los Angeles.

13

14 IT IS SO ORDERED.

15

16

17 Dated: October 26, 2015

18                                DEAN D. PREGERSON
                                   United States District Judge
19

20

21

22

23

24

25

26

27

28