O

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOSE DELGADO, | ) | Case No. CV 15-07320 DDP (FFMx) |
| | ) | |
| Plaintiff, | ) | **ORDER RE: LACK OF SUBJECT MATTER JURISDICTION** |
| | ) | |
| v. | ) | |
| | ) | (Dkt. No. 9.) |
| IRISH CONSTRUCTION, a California corporation, | ) ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

    Presently before the Court is the parties' briefing regarding the Court's subject matter jurisdiction.  After considering the parties' submissions, the Court holds that it lacks subject matter jurisdiction.

    The notice of removal in this case alleges that Plaintiff's causes of action are preempted by section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a), and thus there is federal question jurisdiction under that statute. However, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).  Thus, the Court issued an Order to Show

Cause regarding federal question jurisdiction because the Court had some doubt as to whether this case involved a federal question under section 301. (Dkt. No. 9.)

As the Court outlined in its Order to Show Cause, the Ninth Circuit has explained the preemption analysis for section 301 requires "first, an inquiry into whether the asserted cause of action involves a right conferred upon an employee by virtue of state law, not by a CBA [collective bargaining agreement]." Burnside v. Kiewit Pac. Corp., 491 F.3d 1053, 1059 (9th Cir. 2007). "If the right exists solely as a result of the CBA, then the claim is preempted," but "[i]f, however, the right exists independently of the CBA, [the court] must still consider whether it is nevertheless substantially dependent on analysis of a collective bargaining agreement." Id. (internal quotation omitted). "If such dependence exists, then the claim is preempted by section 301; if not, then the claim can proceed under state law." Id. at 1059-60.

For the latter part of the preemption analysis, Burnside provides guidance from the Supreme Court: "to determine whether a state law right is 'substantially dependent' on the terms of a CBA, . . ., the Court directs us to decide whether the claim can be resolved by 'look[ing] to' versus interpreting the CBA." Id. at 1060 (internal citations omitted); see also Gregory v. SCIE, LLC, 317 F.3d 1050 (9th Cir. 2003) (finding section 301 preemption did not apply in case where employee claimed state law overtime violations but employer invoked section 514 of the California Labor Code and a collective bargaining agreement; the court explained that applying section 514 and the plain terms of the collective bargaining agreement did not amount to *interpreting* the agreement).

This case is similar to Gregory. The complaint in this case also involves rights arising from state law regarding overtime and other wage and hour issues, which are the same in the CBA as in the state statutes. (See Pl. Brief, dkt. no. 11, at 3.) Further, the issues in the case do not require the Court to interpret the CBA. The issues here involve application of the CBA consistent with the application of state law. The terms at issue in the CBA are primarily self-defining to the extent that there is any question as to meaning. (See, e.g., Def. Response, dkt. no. 10, at 6-7 (claiming that a court would need to interpret the meaning of "reports for duty" and "in response to a call" from the CBA).) It is unlikely that there will be any real dispute of meaning here that would require a federal court's interpretation rather than merely looking to and applying the CBA and state law.

Therefore, the Court holds that there is no federal question under section 301 in this case, and thus the Court lacks subject matter jurisdiction. The case is ordered REMANDED back to state court.

IT IS SO ORDERED.

Dated: January 21, 2016

DEAN D. PREGERSON
United States District Judge